**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Ulysses B. Felder, ) | C/A No. 4:12-1702-CMC-TER |
| ) | |
| Plaintiff, ) | **OPINION AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed on May 24, 2013, recommends that the decision of the Commissioner be reversed and the matter remanded for further proceedings. Dkt. No. 28. The Commissioner filed objections to the Report on June 6, 2013 (Dkt. No. 32), to which the Plaintiff replied on June 24, 2013 (Dkt. No. 34). For reasons set forth below, the court adopts the Report, reverses the

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g). For ease, the court refers to the Acting Commissioner as the Commissioner.

1

Commissioner's decision, and remands the matter to the Commissioner for further proceedings.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From

this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Report recommends that the Commissioner's decision be reversed and this action be remanded for further proceedings based on incorrect statements of fact in the ALJ's decision: that Plaintiff has a "below the knee amputation and prosthesis" and that Plaintiff is 45 years old. Plaintiff has no amputation or prosthesis, and he is only 29 years old. The Report concludes that "[b]ased on the inconsistencies within the order, this court is not able to determine whether the ALJ's decision with respect to Plaintiff's RFC and credibility are based on substantial evidence or whether this decision completely applied to this Plaintiff." Report at 7.

The Commissioner objects to the Report, characterizing the ALJ's errors as "discrete misstatements" and harmless. The court disagrees. As explained in the Report, the ALJ appears to discuss a different claimant, one with a "below the knee amputation and prosthesis," during the ALJ's analysis of Plaintiff's residual functional capacity ("RFC"). Report at 5-6. Although the Commissioner argues that the other discussion in this section relates to Plaintiff, the court will not speculate which findings refer to Plaintiff and which findings refer to another claimant. Further, the ALJ did not discuss Plaintiff's testimony that he has frequent and severe headaches, his hands locked up when attempting "little side jobs," one side of his body is weak, he stays in bed or in his

house every three to four days due to flare ups, he has muscle cramps, and he is only able to walk about 50 feet before he needs to rest. *See* Report at 6-7. Instead, the ALJ merely stated that "[t]he claimant's daily activities are not significantly limited. This is consistent with the limitations indicated by other evidence in the case." *Id.* at 7. As a result, the court is unable to determine whether the Commissioner's decision is supported by substantial evidence. The court adopts the Report, reverses the Commissioner's decision, and the matter is remanded for the ALJ to properly consider Plaintiff's claims for DIB and SSI.

## CONCLUSION

For the reasons stated above, the court adopts the Report, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g), and remands the matter to the Commissioner for further proceedings.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 23, 2013

4